IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETER MAGDALENA, Individually
and as parent and next friend of
Demetria Magdalena, his minor daughter,**

    **Plaintiff,**

**vs.**                                              **No. CIV 07-0806 RB/RLP**

**UNITED STATES OF AMERICA,
DEPARTMENT OF THE INTERIOR,
BUREAU OF INDIAN AFFAIRS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Summary Judgment, filed on August 4, 2008. Jurisdiction is founded upon 28 U.S.C. § 1346(b)(1). Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendant's Motion for Summary Judgment is **DENIED**.

**I.**    **Background.**

On November 18, 2004, Demetria Magdalena[1] (hereinafter "Demetria") was in attendance at the Jemez Day School (hereinafter "JDS") in the third grade class (Doc. 37). JDS is a Bureau of Indian Affairs operated school on the Jemez Pueblo (Doc. 21). The Bureau of Indian Affairs is an agency of the United States Department of Interior (Doc. 21). The third grade class consists of eight and nine year old students (Doc. 37-3, 37-4). Demetria was eight years old at the time (Doc. 38-6).

The third grade class walked to the Jemez Pueblo Plaza on November 18, 2004, as part of

---

[1] An alternate spelling of the surname "Magdalena" is "Madalena." Although both forms are used interchangeably in the pleadings, this memorandum will use "Magdalena" exclusively.

a school activity for the students' cultural class (Doc. 37-4). Bernadette Magdalena[2] (hereinafter "Ms. Magdalena"), a teaching assistant at JDS, accompanied and supervised the third grade class on the field trip (Doc. 37-4). Marie Baca, the regular classroom teacher for the group, was out and no substitute was available (Doc. 37-4). Ms. Magdalena supervised approximately 12 to 15 students on the walk to and from the Jemez Pueblo Plaza (Doc. 37-4). In November 2004, JDS did not have a policy regarding a student per teacher ratio for field trips (Doc. 37-3).

On the way to the Jemez Pueblo Plaza, students and Ms. Magdalena observed two unleashed and unrestrained Rottweiler dogs (Doc. 37-4). Jemez Pueblo has a large population of unleashed and uncontrolled dogs (Doc. 37-5). Jemez Pueblo has an ordinance restricting the number of dogs per household, as well as requirements that owners must control their dogs, but this ordinance was not followed or enforced (Doc. 37-5). In November 2004, JDS did not have a policy that required the school to inform students and their parents about the presence of unleashed and uncontrolled dogs (Doc. 37-3). JDS did not provide and Ms. Magdalena had not received training that covered safeguarding children from animals (Doc. 37-4).

On the way back to JDS, the students and Ms. Magdalena once again observed the two unleashed and unrestrained Rottweiler dogs (Doc. 37-4, 38-4). At some point, Demetria was chased and bitten by one of the Rottweiler dogs (Doc. 37-4, 38-4).

Plaintiff Peter Magdalena–individually and as parent and next friend of Demetria, his minor daughter–brought this suit against Defendant the United States of America, Department of the Interior, Bureau of Indian Affairs, claiming negligent supervision of a minor child resulting in physical and psychological injury, pursuant to the Federal Tort Claims Act (Doc.20). 28 U.S.C. §

---

[2]No relation between Demetria Magdalena and Bernadette Magdalena is obvious from the pleadings.

2674. Defendant moved for summary judgment on August 4, 2008, pursuant to Rule 56, claiming that Defendant was under no duty, under New Mexico law, to protect Demetria from harm and that it was not foreseeable that Demetria would be injured by a dog bite on November 18, 2004. (Doc. 37). Fed.R.Civ.P. 56.

**II. Summary Judgment Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a

genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

**III.     Discussion.**

The Federal Tort Claims Act is a limited waiver of sovereign immunity, which grants federal courts subject matter jurisdiction over, inter alia, negligence claims asserted in tort against employees of the federal government acting within the scope of their employment, insofar as state law proscribes the relevant conduct. 28 U.S.C. § 1346(b)(1). Pursuant to the Federal Tort Claims Act, this Court must look to the relevant state law, New Mexico law, in evaluating the substantive claim underlying the suit. *See Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006).

"The elements of a prima facie case of negligence are duty, breach, proximate cause, and damages." *Tafoya v. Seay Bros. Corp.*, 119 N.M. 350, 351, 890 P.2d 803, 804 (1995). The existence of a duty is a question of law, which may be decided on summary judgment. *Schear v. Board of County Com'rs of Bernalillo County*, 101 N.M. 671, 672, 687 P.2d 728, 729 (1984). In

New Mexico, school authorities have a duty to exercise ordinary care in the supervision of the conduct of children during school hours, while properly on the school grounds, or while they are otherwise under the control and direction of the school authorities in connection with school activities. *Nichols v. Texico Conference Ass'n of Seventh Day Adventists*, 78 N.M. 787, 790, 438 P.2d 531, 534 (N.M. App. 1968). However, school authorities do not have responsibility for protective supervision at all places and under all circumstances. *Bryant v. U.S.*, 565 F.2d 650, 652 (N.M. App. 1977). Ordinary care is that care which a reasonably prudent person would use in the conduct of the person's own affairs. *See Heath v. La Mariana Apartments*, 143 N.M. 657, 659, 180 P.3d 664, 666 (2008).

The foreseeability of harm governs the scope of a duty. *Bober v. New Mexico State Fair*, 111 N.M. 644, 649, 808 P.2d 614, 619 (1991). In other words, "in a negligence case, a plaintiff must demonstrate that the defendant's act created a foreseeable zone of danger of such a magnitude that the defendant owes a duty to the plaintiff to refrain from engaging in the act." *Herrera v. Quality Pontiac*, 134 N.M. 43, 52, 73 P.3d 181, 190 (2003).

The conduct necessary to fulfill a duty varies with the circumstances. *Bober*, 111 N.M. at 649, 808 P.2d at 619. "The age of a child, its ability to look out for itself, and capacity to appreciate dangers are proper matters for consideration in determining whether proper care has been exercised as to such child. Conduct that might easily qualify as ordinary and prudent care to a child of one age, and with capacity to understand and appreciate danger, might easily fall short of such classification with reference to a child of more tender years and of less understanding and appreciation of danger." *Bryant*, 565 F.2d at 652-53.

Defendant has failed to demonstrate that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). The movant bears the initial burden of establishing that no genuine issue exists

as to any material fact. *See Adickes*, 398 U.S. at 157. The genuine issues of material fact that remain–including, but not limited to, whether Ms. Magdalena warned the class about dogs, whether the dogs were barking or lying quietly, the exact proximity of the children to the dogs, and what actions Ms. Magdalena took to protect the children from the dogs–necessarily impact the contours of the duty Ms. Magdalena owed to the students, including Demetria, and whether Ms. Magdalena acted with ordinary care in fulfilling that duty. *See Bober*, 111 N.M. at 649, 808 P.2d at 619.

Defendant also has failed to demonstrate that it is entitled to judgment as a matter of law. Ordinary and prudent care demands that appropriate steps be taken to protect children from dogs, especially when the dogs are large, unleashed, unrestrained, and commonly known to be aggressive. *See Perkins v. Drury*, 57 N.M. 269, 274, 258 P.2d 379, 382 (1953). The danger that large dogs pose, especially when unleashed and unrestrained, to a young child is obvious to a reasonably prudent person. *Baca v. State of New Mexico*, 121 N.M. 395, 396, 911 P.2d 1199, 1200 (N.M. App. 1996) (noting that dogs roaming the premises constitute a dangerous condition). The risk that an eight year old child could be bitten when within the proximity of two unleashed and unrestrained Rottweiler dogs is more than just reasonably foreseeable; it is obvious. The fact that Jemez Pueblo has a large population of unleashed and uncontrolled dogs makes the risk of a dog bite all the more foreseeable. *See Castillo v. Santa Fe County*, 107 N.M. 204, 207, 755 P.2d 48, 51 (1988). The fact that Jemez Pueblo failed to enforce its animal control ordinance is no excuse for school officials to not have exercised reasonable prudence in protecting their students. Indeed, a reasonably prudent person exercises greater care to protect a child when the person knows that public safety laws are not adequately enforced. *See Baca*, 121 N.M. at 396, 911 P.2d at 1200.

**IV.    Conclusion.**

Defendant has failed to demonstrate that there is no genuine issue as to any material fact and

also failed to show that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Therefore, Defendant's motion for summary judgment must be denied.

**WHEREFORE,**

   **IT IS ORDERED** that Defendant's Motion for Summary Judgment, filed on August 4, 2008,  is **DENIED**.

                   _____
                   **ROBERT C. BRACK**
                   **UNITED STATES DISTRICT JUDGE**